UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

THE NEW YORK TIMES COMPANY and
MARK MAZZETTI,                                    :

                     Plaintiffs,          :

                                        **COMPLAINT**

              v.                                          :

UNITED STATES DEPARTMENT OF JUSTICE,
                                      :

                    Defendant.

---------------------------------------------------------------X

Plaintiffs THE NEW YORK TIMES COMPANY and MARK MAZZETTI, by and through their undersigned attorneys, allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order for the production of agency records from the United States Department of Justice ("DOJ") in response to a request properly made by Plaintiffs (jointly, "The Times").

## PARTIES

2. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, NY 10018.

3. Plaintiff Mark Mazzetti is a reporter for *The New York Times* newspaper.

4. Defendant DOJ is an agency within the federal government. The DOJ and its components, including the Federal Bureau of Investigation ("FBI"), have possession and control of the records that Plaintiffs seek.

1

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7. FOIA requires that agencies respond to FOIA requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A).

8. Defendant DOJ has failed to meet the statutory deadlines set by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)–(B). Plaintiffs are therefore deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

**FACTS**

9. The NSO Group ("NSO") is an Israeli technology company that makes and sells spyware. It has been selling its surveillance software to law enforcement and intelligence agencies around the world for nearly a decade. *See generally* Ronen Bergman & Mark Mazzetti, *The Battle for the World's Most Powerful Cyberweapon*, N.Y. Times (Jan. 31. 22), https://www.nytimes.com/2022/01/28/magazine/nso-group-israel-spyware.html.

10. Its signature product, Pegasus, allows users to crack the encrypted communications of any iPhone and Android device, providing Pegasus users full control of their target devices. *Id.*

11. The abuses of the NSO products, including Pegasus, have been well documented. *See, e.g.*, Ronen Bergman & Patrick Kingsley, *Israeli Spyware Maker Is in Spotlight Amid Reports of Wide Abuses*, N.Y. Times (Nov. 8, 2021), https://www.nytimes.com/2021/07/18/world/middleeast/israel-nso-pegasus-spyware.html (noting

that NSO spyware has been used to access the phones of human rights activists, journalists, dissidents, politicians, policymakers, and their family members); Patrick Kingsley & Rawan Sheikh Ahmad, *Palestinian Diplomats Targeted by Israeli Spyware, Official Says*, N.Y. Times (Nov. 11, 2021), https://www.nytimes.com/2021/11/11/world/middleeast/israel-palestinian-nso-hacking.html (describing allegations that NSO spyware was used to hack the phones of three high-ranking Palestinian diplomats).

12. Recognizing the high risk of abuse of NSO products, the Biden Administration has condemned their use, explaining that these products have been used to "maliciously target government officials, journalists, businesspeople, activists, academic, and embassy workers" and to harass and silence "dissident, journalists, and activists." Press Release, U.S. Dep't of Com., *Commerce Adds NSO Group and Other Foreign Companies to Entity List for Malicious Cyber Activities* (Nov. 3, 2021), https://www.commerce.gov/news/press-releases/2021/11/commerce-adds-nso-group-and-other-foreign-companies-entity-list.

13. Nonetheless, The Times reported that multiple agencies, including the Federal Bureau of Investigation ("FBI"), continued to contract with NSO, test its products, and explore whether use of these products would be legal under current U.S. law. *See* Bergman & Mazzetti, *supra*.

14. The FBI has confirmed that it has bought and tested NSO spyware and that it has considered how use of NSO products by the government would interact with existing U.S. laws. *See* Ellen Nakashima, *FBI Acknowledges It Tested NSO Group's Spyware*, Wash. Post (Feb. 2, 2022), https://www.washingtonpost.com/technology/2022/02/02/pegasus-fbi-nso-test.

15. In January 2022, The Times submitted a FOIA request ("the Request") to the FBI seeking all contracts, memoranda of understanding, and correspondence between the FBI and NSO Group. The Times also sought expedited processing.

16. The Request was assigned FOIPA Request No. 1515283-000.

17. On January 13, 2022, the FBI denied The Times's request for expedited processing.

18. As of the date of this filing, the FBI has not communicated in any way with The Times since denying its request for expedited processing.

## CAUSE OF ACTION

19. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

20. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request, any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

21. Defendant has failed to meet the statutory deadlines set by FOIA. 5 U.S.C. § 552(a)(6)(A)–(B). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

22. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

23. No exemptions permit the withholding of the documents sought by the Request.

24. Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce records responsive to the Request.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

25. Declare that the documents sought by the Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

26. Order Defendant to undertake an adequate search for the requested records and provide those records to Plaintiffs within 20 business days of the Court's order;

27. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

28. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, NY
February 24, 2021

/s/ David E. McCraw
David E. McCraw
S.Y. Jessica Hui
Legal Department
The New York Times Company
620 8th Avenue
New York, NY 10018
Phone: (212) 556-4031
Fax: (212) 556-4634
E-mail: mccraw@nytimes.com

*Counsel for Plaintiffs*