IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK TIMES COMPANY and
MARK MAZZETTI,

      Plaintiffs,

               v.

UNITED STATES DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No. 22-cv-01539 (JSR)

## THIRD DECLARATION OF MICHAEL G. SEIDEL

I, Michael G. Seidel, declare as follows:

1.      This declaration is submitted to provide additional information in response to the

Court's Memorandum Order dated July 7, 2023.[1]

2.      ***Disclosures under the July 7, 2023 Order.*** On July 21, 2023, the FBI disclosed

Documents 11 and 91 to plaintiff, with certain redactions reflecting exemptions that had either

been upheld or were not contested, consistent with the Court's Order.

3.      ***Documents 33 and 34.*** Documents 33 and 34 consist of emails and two

attachments: a final and draft version of a letter from the FBI to the State of Israel's Defense

Export Control Agency. (*See* Declaration of Joseph Bender ¶ 50, ECF No. 20.) The letters (Bates

309, 318) were previously produced to Plaintiff with limited redactions pursuant to Exemption

7(E).

---

[1] My previous declaration dated September 19, 2022, explained my employment history and
responsibilities at the FBI. (*See* ECF No. 14 ¶¶ 1-2.)

4.      The only category of Exemption 7(E) information remaining at issue in

Documents 33 and 34 is in Exemption Category (b)(7)(E)-3, which concerns sensitive and

strategic technologies and how the FBI acquires them.[2] The discrete information remaining at

issue was redacted from the draft and final versions of the letter and the "Attached" line of two

emails. This information would reveal details about the FBI's acquisition of an NSO tool,

including vendors involved and other details about how the product was acquired. The identity of

these vendors, as well as other details about the acquisition, would reveal non-public information

about FBI techniques and procedures for acquiring software used for law enforcement

investigations.

5.      The vendors at issue either already do, or may in the future, offer other products

that are or can be used for investigative purposes. Revealing the identity of these vendors and

other details about the acquisition could reasonably be expected to risk criminals and adversaries

circumventing the law in several ways. First, disclosure would allow potential targets of

investigation to hone in on the possible technologies used by the FBI and create countermeasures

for such technologies. Second, revealing the specific vendors could harm the vendors, by

exposing them as targets for foreign adversaries, or for hostile non-state actors, such as hacktivist

groups who oppose the FBI's use of surveillance technology, even when legally authorized. Such

actions not only damage particular vendors, but also may make other vendors reluctant to do

---

[2] The FBI asserted Exemption 7(E) to protect other information in Documents 33-34 that I
understand is no longer at issue. First, as described in ¶ 87 of First Seidel Declaration, the FBI
applied Exemption Category (b)(7)(E)-1 to protect internal email addresses and phone numbers.
This information was also withheld under FOIA's privacy exemptions (6 and 7(C)), which I
understand Plaintiffs did not challenge. Second, the FBI applied Exemption 7(E) to protect
information in the emails (including information that would reveal potential issues related to
relationships with foreign countries as explained in ¶ 56 of the Bender Declaration) that is also
protected by Exemption 5. It is my understanding that the Court has upheld the FBI's
withholding of this information under Exemption 5.

business with the FBI. These potential harms to technology vendors diminish the FBI's ability to acquire commercial software for law enforcement use. Third, criminals and adversaries may also use this information to target the vendors and technology with malware to penetrate FBI information systems during a technology transfer.

6.    In the course of re-reviewing these records for this motion, in my capacity as an original classification authority, see ¶2 of my September 19, 2022, declaration, I reviewed both documents under the procedures of Executive Order 13526, §§1.3 and 3.1 and determined that certain information subject to exemption 7(E) is also properly withheld under exemptions 1 and/or 3, for the reasons discussed in the Classified Eikhoff Declaration ¶¶ 28-31. The FBI can provide additional information *ex parte* if necessary.

7.    ***Document 49.*** The FBI has conducted a segregability analysis for Document 49 and has also submitted this document for the Court's *in camera* review. All the information withheld from Document 49 pursuant to Exemption 5 consists of either recommendations of specific components or individuals, including a proposed trial use of the NSO product in a particular criminal matter,[3] or information reflecting actual intermediate approvals by particular individuals or offices that were made prior to the ultimate decision not to proceed. No additional non-exempt information can be reasonably segregated for release. To the extent the information withheld pursuant to Exemption 5 would reveal information about "the specific decision-making process" prior to the FBI's ultimate decision not to use the NSO product, that information is inextricably intertwined with the privileged recommendations and interim approvals.

---

[3] The criminal matter is identified by an acronym appearing in the subject line of the emails and the body of the first email (chronologically) in the chain. That recommendation was not adopted because the FBI ultimately determined not to use the NSO product in criminal investigations. The information withheld under Exemption 5 also includes a codeword, which appears in the subject line of the emails and the body of several emails, that is protected by Exemption 7(E).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed this __27th__ day of July 2023.

MICHAEL G. SEIDEL
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

4